### H. BASSETT *v.* THE STATE.

1. MISNOMER IN MISDEMEANORS. — Articles 468 and 469 of the Code of Criminal Procedure, respecting misnomers in indictments, are applicable to misdemeanors as well as to felonies.
2. SAME — CASE STATED. — On the trial of a misdemeanor indictment against "H. Bassett," the State's witness testified that he knew no person of that name, but did know the defendant on trial by the name of Charles Bassett. *Held*, that, no suggestion of misnomer having been made by the defendant or his counsel, the name is to be taken as truly set out in the indictment, and misnomer was no defense under the plea of not guilty.

APPEAL from the County Court of Grayson.    Tried below before the Hon. A. J. WILKINSON, County Judge.

The opinion discloses the facts.

*Hare & Head*, for the appellant.    When the defendant is put upon trial, and his name does not appear in the indictment as it is shown by the evidence, can he take advantage of it under his plea of not guilty?    Paschal's Digest, article 2965, says that the plea of not guilty shall be construed to be a denial of every material allegation in the indictment. The fourth requisite of an indictment is that it must state the name of the accused, etc.    If this is a requisite, it is material.    If material, then the plea of not guilty puts the name in issue.

Our attention is called to the case of *Foster* v. *The State*, 1 Texas Ct. App. 331.    In that case the learned judge quotes Paschal's Digest, articles 2937 and 2938, and then says :    " These articles of the Code were made to meet just such a state of case as is presented in the record before us."    If by this is meant that these articles apply to a misdemeanor, we respectfully ask a careful review of the point. These articles, we submit, are made, by the express terms of the statute, alone applicable to capital cases and felonies

less than capital. Pasc. Dig., art. 2946. The learned judge also quotes from Wharton's American Criminal Law, section 256, and adopts the rule there laid down — that the defendant can only take advantage of a mistake in the name by a plea in abatement. We respectfully ask a review of the correctness of this rule as applicable to our system. It seems clear that our statute furnishes this rule, viz. : The indictment shall contain the name of the accused, or state that his name is unknown. *The State* v. *Vandorn*, 21 Texas, 336 ; Pasc. Dig., art. 2863. This is a requisite, and, therefore, material. The plea of not guilty puts every material allegation in issue. Articles 2937 and 2938 do not, by the express terms of the statute, apply to misdemeanors. Therefore, the fourth requisite of an indictment furnishes the rule, without any qualification as to misdemeanors.

We submit that the proper practice in misdemeanors is this : If the defendant is indicted by a wrong name, it is the duty of the State's attorney to ascertain that fact, and obtain leave to amend by inserting the true name before he announces ready. If he sees proper to go to trial without doing this, he must abide the consequences. That the State's attorney can amend by inserting the true name, we assume to be the settled law of this state.

*W. B. Dunham*, for the State.

White, J. In this case the appellant was indicted for keeping and exhibiting a bank for the purpose of gaming. On the trial the State's witness stated that he did not know H. Bassett, but he did know Charles Bassett, whom he pointed out in court, and whom he had seen deal faro in Grayson County, Texas, within two years before the finding of the indictment. The sheriff testified that he had arrested the man pointed out by the State's witness as Charles Bas-

sett; that he understood, when he arrested him, that his name was Harry Bassett; and that he arrested him as the defendant in this cause, and took his bond.

Defendant saved a bill of exceptions to the evidence, and now here contends that the judgment should be reversed because the proof as to name does not correspond with the allegation as to name in the indictment. He also contends that the rules provided for in the Code of Criminal Procedure (Pasc. Dig., arts. 2937, 2938) are applicable to capital cases and cases of felony less than capital, and that they have no applicability to misdemeanor cases. These articles read as follows:

"Art. 2937. When the defendant is arraigned, his name, as stated in the indictment, shall be distinctly called; and, unless he suggests, by himself or counsel, that he is not indicted by his true name, it shall be taken that his name is truly set forth, and he shall not, thereafter, be allowed to deny the same by way of defense.

"Art. 2938. If the defendant, or his counsel for him, suggests that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment amended, the style of the cause changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment."

Now, it is true that these rules appear to have been provided with special reference to capital cases, and that, by article 2946, they were specially extended so as to cover felonies less than capital. But we can see no reason why the same procedure should not be applicable to misdemeanors; and, in fact, it stands to reason, if such practice is allowable in so serious and important matters as those involving life or liberty, that when the statute, as it seems to be, is silent with reference to lesser grades of offenses, we might well and safely adopt the same rules of procedure.

Mr. Bishop, treating generally of the name of the defendant, and how he is to be described, says : "When the defendant is not correctly named, he must take advantage of the error by plea in abatement, and, in the plea, state what his true name is ; for, if he does not do this, he will be conclusively holden to be the person in the indictment mentioned, whatever may be the real fact." 1 Bishop's Cr. Proc., 2d ed., 677.

This practice, it seems, also obtained at common law (2 Hale's P. C. 238 ; 1 Chitty's Cr. Law, 202) ; and our statute requires that when the "Code fails to provide a rule of procedure in any particular state of case which may arise, and is, therefore, defective, the rules of the common law shall be applied, and govern." Pasc. Dig., art. 2493. The practice has heretofore been held by this court to apply in misdemeanors. *Foster* v. *The State*, 1 Texas Ct. App. 531.

There being no error in the proceedings on the trial in the lower court, the judgment is affirmed.

*Affirmed.*